TRINA A. HIGGINS, United States Attorney (#7349)
BRYAN REEVES, Assistant United States Attorney (DC #99479)
MARGOT JOHNSON, Assistant United States Attorney (#16513)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, UT  84111-2176
Telephone:   (801) 524-5682   •   Facsimile:   (801) 524-3399

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> WICLIFF YVES FLEURIZARD, <br><br> Defendants. | Case No.   2:24mj275 CMR <br><br> FELONY COMPLAINT <br><br> Count I: 18 U.S.C. § 2199 Stowaways on Vessels or Aircraft <br><br> Magistrate Judge Cecilia Romero |

Before the Honorable Cecilia M. Romero, United States Magistrate Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

### COUNT I
18 U.S.C. § 2199
(Stowaways on Vessels or Aircraft)

On or about March 17, 2024, in the District of Utah and elsewhere,

WICLIFF YVES FLEURIZARD,

the Defendant herein, without the consent of the owner or person in command of an aircraft, and with the intent to obtain transportation, did board and enter such aircraft and

1

was thereon at the time of departure of said aircraft from an airport within the jurisdiction of the United States, all in violation of 18 U.S.C. § 2199.

## STATEMENT OF PROBABLE CAUSE

Complainant states that this complaint is based on information obtained through investigation consisting of the following:

1. I, Kylie Ruiz, being first duly sworn, depose and say: 1. I am a 17-year law enforcement officer and have 15 years' experience as a patrol officer for the Salt Lake City Police Department. I am currently assigned to the Airport Investigations Division and have served with them on multiple occasions over my career. I am also a Deputized Task Force Officer with the Federal Joint Terrorism Task Force and serve as one of two Airport Liaison Agents at the Salt Lake City International Airport since 2021. Serving in this capacity, I am responsible for enforcing federal criminal statutes, including Title 18 of United States Code, Section 2199, relating to Stowaways on Aircrafts. I have taken several investigation courses and completed hundreds of cases resulting in successful convictions both on the patrol and investigations sides. As a federal Task Force Officer, I am authorized to investigate violations of the law of the United States and have authority to execute arrest and search warrants issued under the authority of the United States.

2. Based on my training and experience, I know that the elements required under 18 U.S.C. § 2199, Stowaways on Vessels or Aircraft are:

    a. That the person boarded, entered, or secreted himself aboard a vessel at any place within or without the jurisdiction of the United States;

    b. That the person did so with the intent to obtain transportation and without the consent of the owner, charterer, master, or person in command of the vessel;

    c. That the person remained aboard after the vessel had embarked or departed; and

    d. That the person was onboard while the vessel was at any place within the jurisdiction of the United States

3. This affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant; therefore, this complaint does not contain all the information known to me or to law enforcement regarding this investigation. I have set forth only those facts necessary to establish probable cause to believe that WICLIFF YVES FLEURIZARD, has committed the crimes alleged above in this complaint.

4. Information developed to date because of my investigation and the investigation of others has revealed the following facts.

5. On March 17, 2024, Delta Airlines boarded flight #1683 at gate A2 at the Salt Lake City International Airport. Flight #1683 was destined for Austin, Texas.

6. During the boarding process, WICLIFF YVES FLEURIZARD**,** hereinafter, "FLEURIZARD" boarded and entered the plane. FLEURIZARD is a resident of George, Texas.

7. After FLEURIZARD boarded the Aircraft, he was observed opening the emergency equipment storage door. At this juncture a flight attendant assisted him to the lavatory located at the front of the aircraft.

8. FLEURIZARD spent a significant amount of time in the lavatory while others were boarding, and he did not lock the door while occupying the lavatory.

9. After boarding was complete and just before the aircraft doors were secured, FLEURIZARD exited the front lavatory and made his way to the back of the aircraft and entered the aft lavatory.

10. FLEURIZARD exited the back lavatory and a flight attendant noticed that there were no seats available on the plane and so the flight attendant approached FLEURIZARD to assist.

11. At this juncture, the aircraft doors had been secured and the aircraft had pushed back from the gate and had begun to taxi to the runway.

12. FLEURIZARD indicated to the flight attendant that his seat was 21F.

13. The flight attendant verified that the passenger who was in seat 21F was the individual who had purchased and had been ticketed for that seat, and it was not FLEURIZARD.

14. Flight attendants obtained FLEURIZARD's actual name and searched for his name on their Guest Service Tool (GST) but were unable to locate a valid ticket or booking reservation for him on Delta Flight #1683 or any other Delta Flight for that matter.

15. As FLEURIZARD was not authorized to board the aircraft, the Aircraft was forced to return to the gate where FLEURIZARD exited the Aircraft and where FLEURIZARD was contacted by law enforcement.

16. Salt Lake City Police Officers were able identify FLEURIZARD by his Florida Driver's License.

17. An interview of the Delta gate agent revealed that a minor female passenger had an issue when the Delta gate agent attempted to scan her ticket. When the female's boarding pass was scanned the system showed that she was already onboard. This minor passenger was traveling alone, and her ticket had been purchased for her by her father, who did not authorize anyone else to use it.

18. Surveillance footage of the boarding area was reviewed, and it showed FLEURIZARD in the boarding area taking photos of multiple passenger's phones and/or boarding passes while they were not looking, including the minor female passenger. The footage also shows FLEURIZARD using his phone as a boarding pass when he enters the plane.

19. Post-*Miranda*, FLEURIZARD indicated that he had been in Utah on a snowboarding trip to Park City but needed to get home to see his family who had flown in from Florida. FLEURIZARD had been given a Southwest ticket (non revenue buddy pass) by a friend and FLEURIZARD attempted to fly home on March 16, 2024 a 15:00 hours; however, there were no available sets on the flight so he was re-booked for a flight on March 17, 2024 at 6:00 am. He was not able to

board that flight either as the flight was overbooked. FLEURIZARD then left the boarding area for the Southwest flight and Southwest pushed FLEURIZARD's reservation to a flight in the afternoon that was supposed to leave at 15:00 hours. FLEURIZARD admitted he had made a mistake and was only trying get home.

20. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Based on the foregoing information, your affiant respectfully requests that a warrant of arrest be issued for WICLIFF YVES FLEURIZARD for violations of 18 U.S.C. § 2199.

*Kylie Ruiz*
Affiant,

SUBSCRIBED AND SWORN to before me via video-teleconference this 18th day of March, 2024.

*Cecilia M. Romero*
CECILIA M. ROMERO
U.S. Magistrate Judge, District of Utah

APPROVED:

TRINA A. HIGGINS
United States Attorney

 /s/ Margot Johnson
Margot Johnson
Assistant United States Attorney